**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 16, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 03-50268

_____

LORENZO PINEDA, III,

Plaintiff-Appellee.

versus

UNITED PARCEL SERVICE, INC.,

Defendant - Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before DAVIS and EMILIO M. GARZA, Circuit Judges, and LITTLE[*], District Judge.

EMILIO M. GARZA, Circuit Judge:

United Parcel Services' petition for rehearing is GRANTED. The opinion of the court issued on December 30, 2003, at 353 F.3d 414 (5th Cir. 2003), is withdrawn, and the following is substituted:

Lorenzo Pineda III brought this retaliation suit under the Texas Commission on Human Rights Act alleging that United Parcel Services ("UPS") terminated his employment in retaliation for his

_____

[*] District Judge of the Western District of Louisiana, sitting by designation.

engaging in certain protected activity. The jury found for Pineda. The district court denied UPS's motion for a judgment as a matter of law, but it remitted the jury's compensatory damages award. In this appeal, UPS challenges the jury verdict and seeks further remittitur of the damage award. In light of the Texas Supreme Court's recent decision in *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735 (Tex. 2003), we find there is insufficient evidence to support the jury's verdict.

I

Lorenzo Pineda worked as a business manager for UPS at its El Paso, Texas distribution center. Pineda suffers from diabetes and took a ten month medical leave of absence to treat his condition. While on leave, Pineda filed a charge of disability discrimination against UPS for allegedly delaying his return to work. Shortly thereafter he gave a deposition in a discrimination case brought by another UPS employee. Pineda was subsequently transferred to a UPS facility in Del Rio, Texas.

While Pineda was working at the Del Rio facility, UPS human resources manager Kenny Walker investigated charges that Pineda had threatened violence against three of his coworkers. Pineda denied making any such threats. Walker first suspended and later fired Pineda.

Pineda filed this retaliation suit under Texas law in state court and UPS removed to federal court. Pineda alleged he was fired because he had engaged in the protected activities of filing a discrimination charge and testifying in a discrimination case. When UPS countered that it fired Pineda pursuant to charges by Pineda's coworkers alleging that he had made threats of violence, Pineda asserted that the investigation was a pretext for UPS's retaliatory purpose. To support his contention, Pineda presented testimonial evidence that the alleged threats of violence never occurred and that UPS had not pursued similar charges of violence and threatened violence with similar vigor.

The jury found for Pineda and awarded damages, including $400,000 worth of compensatory

damages. Following the jury verdict, UPS renewed its motion for a judgment as a matter of law and sought remittitur of the compensatory damages award. The district court refused to disturb the jury verdict but remitted the compensatory damage award to $202,500. UPS now seeks review of both rulings.

II

We review a district court's denial of a motion for judgment as a matter of law *de novo*. *Thomas v. Texas Dep't of Criminal Justice*, 220 F.3d 389, 392 (5th Cir. 2000). A motion for judgment as a matter of law should be granted if "there is no legally sufficient evidentiary basis for a reasonable jury to find for a party." FED. R. CIV. P. 50(a). Thus, "if reasonable persons could differ in their interpretations of the evidence, then the motion should be denied." *Thomas*, 220 F.3d at 392 (citing *Baltazor v. Holmes*, 162 F.3d 368, 373 (5th Cir. 1998)). "A post-judgment motion for judgment as a matter of law should only be granted when 'the facts and inferences point so strongly in favor of the movant that a rational jury could not reach a contrary verdict.'" *Id.* (quoting *Waymire v. Harris County, Texas*, 86 F.3d 424, 427 (5th Cir. 1996)). The jury's verdict is afforded great deference. Thus, when evaluating the sufficiency of the evidence, we view all evidence and draw all reasonable inferences in the light most favorable to the verdict. *Id.*

Pineda brought his retaliation claim under § 21.055 of the Texas Commission on Human Rights Act ("TCHRA").[1] *See* TEX. LAB. CODE § 21.055 (Vernon 1996) ("An employer commits an unlawful employment practice if the employer retaliates against a person who (1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing."). The purpose the TCHRA

---

[1] This is a diversity action, federal civil rights law is not implicated.

is to provide for the execution of the policies of Title VII of the Civil Rights Act of 1964. TEX. LAB. CODE § 21.001(1) (Vernon 1996); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001). Thus, "analogous federal statutes and the cases interpreting them guide" the reading of the statute. *Quantum*, 47 S.W.3d at 476.

In a retaliation case, the plaintiff must first make a *prima facie* showing: 1) that he is engaged in a protected activity; 2) that an adverse employment action occurred; and 3) that a causal link existed between the protected activity and the adverse action.[2] *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002). Once the plaintiff makes a *prima facie* case, "the burden then shifts to the defendant to demonstrate a legitimate nondiscriminatory purpose for the employment action." *Id.* If the defendant meets this burden, then the "the plaintiff must prove that the employer's stated reason for the adverse action was merely a pretext for the real, discriminatory purpose." *Id.* When there has been a trial on the merits, the evaluation process is streamlined and we proceed directly "to the ultimate question of whether the plaintiff presented enough evidence for a jury to find that discrimination occurred." *Thomas*, 220 F.3d at 393. To satisfy this burden, the plaintiff must offer "*some* evidence . . . that permits the jury to infer that the proffered explanation was a pretext for discrimination. The trier of fact may not simply choose to disbelieve the employer's explanation in the absence of any evidence showing why it should do so." *Swanson v. General Services Admin.*, 110 F.3d 1180, 1185 (5th Cir. 1997).

We have consistently held that in retaliation cases where the defendant has proffered a nondiscriminatory purpose for the adverse employment action the plaintiff has the burden of proving

---

[2] Texas courts have articulated the same elements for establishing a prima facie case of retaliation as federal courts. *See Wal-Mart Stores, Inc. v. Lane*, 31 S.W.3d 282, 295 (Tex. 2000).

that "but for" the discriminatory purpose he would not have been terminated. *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 685 (5th Cir. 2001) (Plaintiff "must demonstrate that he would not have been terminated 'but for' engaging in the protected activity."); *Long v. Eastfield College*, 88 F.3d 300, 305 n.4 (5th Cir. 1996) ("[E]ven if a plaintiff's protected conduct is a substantial element in a defendant's decision to terminate an employee, no liability for unlawful retaliation arises if the employee would have been terminated even in the absence of the protected conduct.").

Relying on the Texas Supreme Court's decision in *Quantum Chemical Corp. v. Toennies*, Pineda argues that for employment discrimination cases brought under the TCHRA, and in contrast to similar cases brought under Title VII, "the employer commits an unlawful employment practice if discrimination was a motivating factor for [the] employment practice, even if other factors also motivated the practice." *Quantum*, 47 S.W.3d at 479-80 (internal quotations omitted). Thus, he argues, the applicable causation requirement under the TCHRA is the less stringent "motivating factor" test, rather than the more stringent "but for" test applicable under Title VII.[3] Pineda incorrectly applies *Quantum* to this case.

In *Quantum*, the Texas Supreme Court sought to determine the proper standard of causation for both "pretext" and "mixed motive" employment discrimination suits brought under the TCHRA. *See id.* at 474. The Texas Supreme Court initially determined that "the proper standard of causation for [the plaintiff's] suit would be the 'but for' test that courts originally used for pretext claims." *Id.* at 479. However, it further determined that § 21.125(a) of the TCHRA defines the causation requirement such that the discrimination need only be "a motivating factor" in the adverse employment decision to establish liability. *Id.* at 479-80; *see* TEX. LAB. CODE § 21.125(a) (Vernon

_____

[3] The jury in this case was instructed to apply the "but for" standard.

1996). Not finding "relevant textual restrictions on the applicability of this section to unlawful employment practices," it further found that "'a motivating factor' is the correct standard of causation . . . in all TCHRA unlawful employment practice claims . . . ."[4] *Quantum*, 47 S.W.3d at 479-80.

This holding is not as broad as it first appears. Section 21.125(a) is not applicable in all employment discrimination cases under the TCHRA. Section 21.125(a) provides that "[e]xcept as otherwise provided by this chapter, an unlawful employment practice is established when the complainant demonstrates that *race, color, sex, national origin, religion, age, or disability* was a motivating factor for an employment practice . . . ." TEX. LAB. CODE § 21.125(a) (emphasis added). Section 21.055 forbids employment discrimination based on certain protected conduct rather than on any of the protected characteristics outlined in § 21.125(a).[5] *See* TEX. LAB. CODE § 21.055. Therefore, § 21.125(a) is inapplicable to employment discrimination cases brought under § 21.055 because § 21.125(a), by its own terms, is only applicable when the alleged discrimination is based on *race, color, sex, national origin, religion, age, or disability.* *See* TEX. LAB. CODE § 21.055; TEX. LAB. CODE § 21.125 (defining its purpose as clarifying prohibition against employment discrimination based on race, color, sex, national origin, religion, age, or disability).

As § 21.125(a) is inapplicable to this case, Pineda must show that "but for" UPS's discriminatory conduct he would not have been fired. *See Quantum*, 47 S.W.3d at 479 ("[I]f section

---

[4] The central issue in *Quantum* was whether the causation requirement was different for a "pretext case" than it was for a "mixed-motive case." *See Quantum*, 47 S.W.3d at 476- 80. Therefore, when the Texas Supreme Court stated that "a motivating factor" was the causation requirement for all employment discrimination cases, the court meant that the standard was the applicable standard in both pretext and mixed motive employment discrimination cases where § 21.125(a) was applicable.

[5] In *Quantum* the Texas Supreme Court looked to § 21.125(a) for guidance because the plaintiff alleged age discrimination.

21.125 does not apply . . . the proper standard of causation . . . would be the 'but for' test."); *see also Menefee v. McCaw Cellular Communications of Texas, Inc.*, 2003 WL 1461469 at \*3, 6 (Tex. App.) Dallas, March 24, 2003, no pet.) (unpublished) (requiring the plaintiff meet the "but for" standard to establish pretext in a post *Quantum* case under § 21.055). Therefore, "[a] plaintiff asserting a retaliation claim must establish that without [his] protected activity, the employer's prohibited conduct would not have occurred when it did." *McMillon v. Texas Dept. of Ins.*, 963 S.W.2d 935, 940 (Tex. 1998).

Applying the "but for" causation standard, there is insufficient evidence for the jury to have found that UPS retaliated against Pineda because he engaged in protected activity. Both parties agree that Pineda engaged in protected activity, filing a discrimination complaint and giving a deposition in a separate employment discrimination suit brought against UPS. They further agree that Pineda was subsequently transferred and that UPS eventually terminated his employment. UPS asserts that Pineda was fired after an investigation headed by human resources manager Kenny Walker pursuant to allegations made by Pineda's co-workers that he had threatened them with physical violence, in violation of company policy. If believed, this explanation is sufficient to establish an alternate, legitimate justification for Pineda's termination that would negate causation. *See Long*, 88 F.3d at 305 n.4 ("[N]o liability for unlawful retaliation arises if the employee would have been terminated even in the absence of the protected conduct.").

Pineda argues that he presented sufficient evidence for the jury to determine that he was fired because he engaged in protected activity rather than because of any alleged threats of violence. Pineda presented evidence that Walker, the human resources manager who fired him, was aware that Pineda had engaged in the protected activity. Pineda additionally testified that he did not make the alleged

7

threats of violence that UPS claims justified his termination. Two of Pineda's coworkers further testified that, during the time period when the threats allegedly occurred, they knew of no incidences where Pineda had threatened a coworker. Further they testified that he was not a violent person. Pineda also presented evidence that in the two decades he worked for UPS he had never previously been accused of threatening violence. Finally, Pineda presented testimony from his coworkers that UPS employees regularly yelled at each other using profanity, that other alleged incidences of verbally abusive behavior were not investigated, and that multiple contemporaneous alleged incidences of workplace violence at UPS went unpunished.

To establish retaliation, Pineda relies solely on evidence suggesting that UPS's investigation came to an incorrect conclusion and was potentially motivated by concerns other than the prevention of workplace violence. The Texas Supreme Court, however, while considering a factually similar case, recently held that to establish that an investigation into an alleged violation of a workplace policy was a pretext for discrimination it is "not sufficient [for the plaintiff] to present evidence that the . . . investigation was imperfect, incomplete, or arrived at a possibly incorrect conclusion. He must show that the reason proffered by [the defendant] is 'false, *and* discrimination was the real reason.'" *Canchola*, 121 S.W.3d at 740.

In *Canchola v. Wal-Mart*, the Texas Supreme Court overturned a jury verdict in a disability discrimination case brought under the TCHRA. *Id.* Canchola claimed that he was fired because of his heart condition. *Id.* at 737-38. Wal-Mart claimed that it fired Canchola after an investigation determined that he had sexually harassed a coworker. *Id.* at 739. Canchola countered that "Wal-Mart's investigation into the charges against him was inadequate and one-sided, thus constituting

8

some evidence that Wal-Mart was motivated by his disability."[6]  *Id.*  He pointed to "evidence [suggesting] that if Wal-Mart had conducted a more thorough and balanced investigation, it could have uncovered exculpatory evidence."  *Id.*  Canchola presented additional evidence questioning the credibility of his accuser and testimony from his coworkers suggesting that he had not engaged in the alleged sexual harassment.  *Id.* at 739-40.  "Finally, Canchola argue[d] that Wal-Mart did not apply its harassment policy uniformly citing evidence that a non-salaried employee at a different location was demoted rather than terminated after being accused of harassment."  *Id.* at 740.

The Texas Supreme Court found that "[t]he evidence that Canchola cites . . . assails the quality of Wal-Mart's investigation and does not, by itself, prove that Canchola's heart condition was a motivating fact or in his termination.  An at-will employer does not incur liability for carelessly forming its reasons for termination."  *Id.*  The court emphasized that because Canchola was an "at-will employee" he could have been fired for poor performance, "for the sexual harassment accusations made against him, or for no reason at all."  *Id.*  Noting that "even if the reasons Wal-Mart cited for terminating Canchola were false, he still bore the ultimate burden to prove that Wal-Mart discriminated against him because of his disability," the court counseled that "[t]he relevant inquiry is not whether the complaints made against Canchola were a pretext," but whether they were a pretext for prohibited discrimination. *See id.*  Finding that Canchola presented no evidence other than the alleged infirmities with Wal-Mart's investigation of the sexual harassment claims against him to establish discrimination, the Texas Supreme Court determined that he "offered no evidence to show that Wal-Mart management was motivated to terminate him *because* of his heart condition," and

---

[6] The Texas Supreme Court applied the less stringent "motivating factor" test because Canchola alleged disability discrimination.  *See* § 21.125(a); *Quantum*, 47 S.W.3d at 479-80.

ruled that there was insufficient evidence to support the jury's verdict. *Id.*

In this case, Pineda presented evidence suggesting that he did not commit the acts alleged by his coworkers and that UPS selectively investigated and terminated him. However, he presented no evidence that independently suggests that UPS falsely and selectively fired him *because* he engaged in protected activity, or that had he not engaged in that activity he would not have been terminated. It is Pineda's burden to present evidence demonstrating that he was fired for a prohibited reason. *See id.* Pineda presented no such independent evidence to the jury.[7] Thus, as a matter of Texas law, he cannot establish a retaliation claim under the TCHRA and, consequently, there is insufficient evidence to support the jury's verdict in his favor.[8]

III

The district court's ruling denying UPS's motion requesting a judgment as a matter of law is REVERSED. This case is remanded to the district court for entry of judgment in favor of the defendant.[9]

---

[7] Although we apply the "but for" causation standard in this case, Pineda's claim would also fail under the "motivating factor" test applied in *Canchola*.

[8] Although the Texas Supreme Court based its conclusions in *Canchola* on its interpretation of the Supreme Court's decision in *Reeves v. Sanderson*, 530 U.S. 133, 120 S. Ct. 2097 (2000), it did so for purposes of the TCHRA *only*. As only Texas law is implicated in this case, we do not consider whether the Texas Supreme Court correctly interpreted *Reeves*. Further, our ruling in this case should not be interpreted as an adoption of *Canchola* for purposes of federal civil rights law.

[9] We do not reach the remittitur issue because it is moot.

10