# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2009

No. 08-50831
Summary Calendar

Charles R. Fulbruge III
Clerk

CHARLES BRAYMILLER

Plaintiff-Appellant

v.

LOWE'S HOME CENTERS INC.

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CV-196

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Charles Braymiller appeals the district court's order granting summary judgment in favor of Lowe's Home Centers on Braymiller's claim of age discrimination under the Texas Commission on Human Rights Act ("TCHRA"). Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

Braymiller began working for Lowe's in August 2002 as an assistant store manager at age 59. He was promoted to store manager of a store in San Antonio, Texas, in March 2004 by human resources director Terry Gillespie and district manager Steve Jordan. Medina, in his 40s, replaced Jordan as district manager in June 2005. Although Braymiller's performance reviews improved under Medina, Braymiller claimed that Medina began calling him "young man," "boy," and "son" in front of Braymiller's subordinates

In December 2005, Braymiller brought his wife to look at items for their new home and to take advantage of the 20 percent seasonal employee discount. Braymiller's wife picked out a dishwasher and an oven from the clearance isle. The dishwasher was priced at $716 and the oven was priced at $636. Braymiller spoke to the manager on duty and his subordinate, Scott Decker, about receiving an additional discount. Decker quoted $400 for each item, a 50 percent discount. Decker later testified that he would not have given this price to a customer and that he believed this was the price Braymiller was expecting him to quote. Decker processed the transaction using his manager override for the discount.

Two days later, Braymiller asked administrative manager Chris Luke to refund Braymiller an additional 20 percent as part of the seasonal employee discount. To do this, Luke needed a manager override code. A transaction report, signed off by Braymiller the next day, showed that the transaction was completed under Braymiller's login and with his scan card and override code. This would mean that Braymiller was the customer, cashier, and manager for this purchase. It is a violation of Lowe's policy for an employee to use his own scan card to unlock the price on his personal transaction.

A store loss prevention manager looked into the purchase and discount a few days later and reported the incident to his superior. The district loss prevention manager opened an investigation and gave the report to the regional

2

loss prevention manager, James Rodriguez. Braymiller attempted to alter the report, but after learning that he could not, Braymiller brought the situation to Medina's attention. In this conversation, Braymiller acknowledged that his scan card had been used but stated that he had either been in front of the register or in his office at the time.

Braymiller then asked Decker to prepare a statement about the incident. Braymiller admitted that he may have told Decker to keep the statement short and to write that Braymiller did not influence him. The statement from Decker asserted that the price quoted to Braymiller would have been given to a customer and that Braymiller did not pressure him. Later, in his deposition given under oath, Decker indicated neither statement was true.

Braymiller was told that he was under investigation. In response, he prepared a statement that said that he had been in his office when Luke processed the refund. Medina, Gillespie, and Rodriguez viewed a closed circuit video of the transactions. Based on the evidence in the video, Medina believed that Braymiller had not been truthful. During his deposition, Braymiller admitted he was present when the refund was processed but claimed this was an honest error of recollection. Both Braymiller and Decker were brought in to discuss the situation with Medina, Gillespie, and regional vice president Don Stallings. After the interview, these men decided to terminate Braymiller. No one made age-related comments during the interviews.

Gillespie prepared the paperwork for Braymiller's termination, listing the reason for the termination as "Violation of Lowe's Code of Ethics: personal conduct, to avoid transactions and situations in which your interests conflict or could be viewed as conflicting with those of Lowe's." Braymiller was informed on January 20, 2006. Gillespie testified that he terminated Braymiller because he used his position to obtain an improper discount, involved subordinates in the transaction, and showed poor judgment during the investigation. Medina

testified that the basis for termination was that Braymiller rang up his own merchandise and that it was not a price available to customers. Medina also agreed with the termination because he felt that Braymiller had been dishonest about what happened during the refund transaction.

Braymiller brought the current action based on diversity jurisdiction alleging age discrimination under the TCHRA. He appeals from the district court's adverse summary judgment.

## II. DISCUSSION

This court reviews a district court's grant of summary judgment *de novo*. *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)).

Braymiller's claims were brought solely under the TCHRA. The TCHRA requires Braymiller to demonstrate that "age . . . was a motivating factor for an employment practice, even if other factors also motivated the practice." Tex. Lab. Code § 21.125(a). Because one of TCHRA's purposes was to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments," Tex. Lab. Code § 21.001(1), Texas courts have looked to "analogous federal statutes and the cases interpreting them guide [their] reading of the TCHRA." *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001). The resulting analysis has been indistinguishable from the *McDonnell Douglas* burden-shifting framework, as modified in light of *Desert Palace. See id.* at 476–477.

A prima facie claim for age discrimination requires proof that

(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class,

ii) replaced by someone younger, or iii) otherwise discharged because of his age.

*Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005) (quoting *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004)). Once Braymiller establishes a prima facie case, the burden of production shifts to Lowe's to proffer a legitimate nondiscriminatory reason for its employment action. Both parties agreed below that Braymiller had established a prima facie case and that Lowe's provided a non-discriminatory reason for his termination.[1]

Braymiller then had the burden to produce evidence "tending to show that the reason offered by the defendant is pretext for discrimination." *Machinchick,* 398 F.3d at 350. The Texas Supreme Court has held that "the discrimination need only be 'a motivating factor' in the adverse employment decision to establish liability" in TCHRA unlawful employment practice claims. *Pineda v. UPS*, 360 F.3d 483, 488 (5th Cir. 2004) (quoting *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001)).

The district court found that Braymiller did not provide sufficient evidence to rebut Lowe's articulated reasons for termination. Because Braymiller also provided no evidence that Medina treated him differently than others outside the protected class or that Medina's "stray remarks" were in any way related to his discharge, the district court granted Lowe's motion for summary judgment.

On appeal, Braymiller argues that Lowe's justifications are inconsistent and baseless. Braymiller points to two allegedly different justifications stated in his termination paperwork: Lowe's stated that Braymiller was fired for "violation of company policy" in one document and "code of ethics" in a different document. Braymiller also contends that Lowe's briefing on summary judgment

---

[1] Braymiller argues that he "did nothing of the sort," but "merely stated what Lowe's had *claimed* to be such a reason." Because Braymiller does not argue that this reason in and of itself was discriminatory, we assume that Braymiller has acknowledged that this articulated reason was not discriminatory.

in the district court shifted between its first brief, which centered around the refund transaction as the cause of his being fired, and its reply brief, which centered around his conduct during the investigation. Finally, Braymiller agues that the district court erred by requiring him to provide evidence of age animus in addition to his strong prima facie case and the evidence of pretext.

These arguments are unconvincing. The justification from Lowe's employees has always concerned the same events. The supposed inconsistencies to which Braymiller refers are at best a change in emphasis regarding which violation of company policy they believed was more important in the final decision to discharge him. Varying explanations are not necessarily inconsistent. The motivating factor here was Braymiller's purchase of two items at a heavily discounted price and his actions during the resulting investigation. At no point has Braymiller produced evidence that would tend to show that these events were a pretext for age-related discrimination.[1]

Braymiller is also unable to cite analogous case law. Braymiller relies heavily on *Taylor v. County Bancshares, Inc.*, 325 F. Supp. 2d 755 (E.D. Tex. 2004). In *Taylor*, the court found that an employer's termination justifications were self-contradictory. One decision maker testified that the plaintiff's department had been eliminated because it was unprofitable. A second decision maker testified that this was not the reason he had eliminated the department. We have no directly contradictory statements here. Instead, Gillespie and Medina agreed that Braymiller's termination stemmed from these events; they differed only in emphasis as to which policy violation was more important.

Braymiller argues that Lowe's explanation is subjective and does not qualify as a nondiscriminatory reason. *See Patrick v. Ridge*, 394 F.3d 311, 316

---

[1] We agree with the district court's conclusion that Medina's stray remarks referring to subordinates (often in Spanish) as "boy" or "son" are not probative of age discriminatory animus here.

(5th Cir. 2004). Lowe's asserts that Braymiller's improper purchase and conduct during the resulting investigation showed a lack of ethics. Braymiller criticizes this as a "content-less and non-specific statement, such as the candidate is not 'sufficiently suited' for the position [that] is not specific enough to meet defendant employer's burden." *Id.* at 317. On the contrary, Lowe's conclusion stems from specific misconduct and violations of the ethics code.

Braymiller provides several record citations in an attempt to prove that Lowe's was incorrect about whether his actions violated company policy concerning available discounts. This court, however, does not try "the validity of good faith beliefs as to an employee's competence." *Little v. Republic Refining Co.*, 924 F.2d 93, 97 (5th Cir. 1991). Further, this court "cannot protect older employees from erroneous or even arbitrary personnel decisions, but only from decisions which are unlawfully motivated." *Bienkowski v. Am. Airlines Inc.*, 851 F.2d 1503, 1508 (5th Cir. 1988). Thus, as the district court noted, even if factual disputes surrounding the amount of the discounts are resolved in appellant's favor, and in the unlikely event that Lowe's management erred in concluding that Braymiller's conduct violated company ethics standards, no evidence supports a conclusion that these management mistakes were pretextual.

### III. CONCLUSION

Because there is no evidence that Lowe's proffered explanations were pretextual, and offered in an effort to obscure an age-motivated decision, the judgment of the district court granting summary judgment to Lowe's is AFFIRMED.