# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 20, 2013

No. 12-30234

Lyle W. Cayce
Clerk

DENNIS PRICE; ROBERT SHOLAR,

Plaintiffs - Appellees-Cross-Appellants,

v.

PCS NITROGEN FERTILIZER, L.P.,

Defendant - Appellant-Cross-Appellee.

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03–CV–153

Before REAVLEY, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

This is an employment retaliation case. Robert "Doc" Sholar and Dennis Price (collectively, "Plaintiffs") sued PCS Nitrogen Fertilizer, L.P. ("PCS"), alleging that PCS supervisors retaliated against them in violation of Louisiana's environmental whistleblower statute. *See* La. R.S. § 30:2027. A jury returned a verdict for Plaintiffs and, after denying PCS's post-verdict motion for judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30234

as a matter of law, the district court entered judgment on the verdict. PCS appeals the district court's judgment on sufficiency of the evidence grounds. Plaintiffs appeal the district court's denial of their request for treble damages as well as attorneys' fees and pre-judgment interest on those damages. We AFFIRM.

Plaintiffs' challenge to the district court's damages ruling turns on a question of statutory construction that we review *de novo*. *See Carder v. Cont'l Airlines, Inc.*, 636 F.3d 172, 174 (5th Cir. 2011) (citation omitted). We also review *de novo* the district court's denial of PCS's motion for judgment as a matter of law, *SMI Owen Steel Co. v. Marsh USA, Inc.*, 520 F.3d 432, 437 (5th Cir. 2008), but the "standard of review with respect to a jury verdict is especially deferential." *Brown v. Bryan Cnty., Okla.*, 219 F.3d 450, 456 (5th Cir. 2000) (citation omitted). We will render judgment for PCS only if "the facts and inferences point so strongly in favor of the movant that a rational jury could not reach a contrary verdict." *SMI*, 520 F.3d at 437 (quoting *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 486 (5th Cir. 2004)); *see also Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 337 (5th Cir. 2001) (explaining that we "must review all of the evidence in the record, draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence" (citations omitted)).

PCS contends that Plaintiffs did not adduce legally sufficient evidence for the jury to find a causal connection between their protected activity—reporting environmental violations to law enforcement authorities—and the employment decisions at issue. It argues that no rational jury could have found the requisite causal connection because Plaintiffs' supervisors testified that, when making the employment decisions at issue, they did not know that Plaintiffs had engaged

## No. 12-30234

in the protected activity. The jury, however, could have (and apparently did) disbelieve this testimony. It is the jury's province to make precisely such credibility determinations. *See, e.g.*, *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1334 (5th Cir. 1996) (upholding jury findings that "were based upon credibility calls which are completely within the province of the jury"). Considering the totality of the evidence before the jury, we conclude that it could have rationally inferred that PCS knew of Plaintiffs' protected activity. Thus, we reject PCS's challenge to the jury's verdict.

We likewise reject Plaintiffs' challenge to the district court's ruling on damages. Under the plain text of the whistleblower statute, a plaintiff may recover triple his or her pecuniary losses, but any emotional damages are awarded "in addition to" trebled wage-type losses, if any. *See* § 30:2027.[2] Here, Plaintiffs had no pecuniary losses and their arguments to refute the statute's plain text are unavailing.[3] Accordingly, the district court correctly determined the damages award.

AFFIRMED.

---

[2] The statute states, in relevant part:

"Damages" *to be tripled* pursuant to Paragraph B(1) of this Section shall be for the period of the damage, but not to exceed three years, and shall include but not be limited to lost wages, lost anticipated wages due to a wage increase, or loss of anticipated wages which would have resulted from a lost promotion, and if the period of the damage exceeds three years, the employee shall thereafter be entitled to actual damages. *In addition to the above*, "damages" shall also include any property lost as a result of lost wages, lost benefits, and any physical or emotional damages resulting therefrom.

§ 30:2027(B)(2)(b) (emphasis added).

[3] Because we conclude that Plaintiffs may not recover triple their non-pecuniary damages under the whistleblower statute, we need not decide whether they should recover additional attorneys' fees and pre-judgment interest on trebled damages.