In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00213-CV
_____

**LAMAR UNIVERSITY, Appellant**

**V.**

**STEVE JENKINS, Appellee**

On Appeal from the 172nd District Court
Jefferson County, Texas
Trial Cause No. E-196,060

**MEMORANDUM OPINION**

Appellant, Lamar University ("the University"), brings this interlocutory appeal from the trial court's order denying its amended plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2017). We reverse the trial court's order and render judgment granting the University's plea and dismissing the appellee's claims against the University with prejudice.

## BACKGROUND

In August 2014, the appellee, Dr. Steve Jenkins, sued the University for alleged retaliation in violation of section 21.055 of the Texas Commission on Human Rights Act (TCHRA). *See* Tex. Labor Code Ann. § 21.055 (West 2015). In his petition, Jenkins alleged that the University had retaliated against him by denying his application for promotion to the academic rank of Full Professor, with accompanying tenure status, because Jenkins had opposed the University's use of the Graduate Records Exam (GRE) as a criteria for admission into the University's College of Education's graduate program. According to Jenkins, he opposed the University's use of the GRE because it is an inherently racist test that the University used as a threshold discriminatory entry requirement to exclude or limit downstream employment of minority professional educator administrators in Texas public schools. Jenkins maintained that the College Dean and the chairman of the Department of Educational Leadership opposed his application for promotion and tenure because Jenkins had opposed the use of the GRE for ethical reasons, and the University's President and Provost arbitrarily ratified the decision of the Dean, rather than the larger body of the University's tenured faculty who supported his application.

The University filed a plea to the jurisdiction asserting that Jenkins's retaliation claim under section 21.055 of the TCHRA is based on an admission practice to a graduate program and not on an unlawful discriminatory employment practice. According to the University, because Jenkins failed to allege a prima facie violation under the TCHRA, there is no waiver of sovereign immunity, and the trial court should dismiss the suit for lack of subject matter jurisdiction. Jenkins filed a response to the University's plea to the jurisdiction, arguing that the University's discriminatory admissions practice was an unlawful employment practice because the use of the GRE excluded racial minorities and women from being hired in the doctoral program and from gaining teaching experience at the University. The trial court conducted a hearing on the University's plea to the jurisdiction, during which Jenkins's counsel requested the opportunity to amend the pleadings to supplement the factual allegations supporting Jenkins's retaliation claim. The record shows that the trial court granted the University's plea to the jurisdiction and also granted Jenkins leave to amend his petition.

Jenkins filed an amended petition alleging that the University had retaliated against him for opposing the College of Education's discriminatory admission practice of using the GRE to deprive qualified female and minority instructors the opportunity to teach at the University. Jenkins also sought a declaratory judgment

3

under the Uniform Declaratory Judgments Act (UDJA) declaring that the University had violated Jenkins's rights secured by the TCHRA, as well as his rights to free speech and due course of law secured by the Texas Constitution. *See* Tex. Const. art. I, §§ 19; Tex. Labor Code Ann. § 21.055; Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-37.011 (West 2015).

The University argued that Jenkins's amended petition failed to allege that Jenkins had engaged in a protected activity because Jenkins's retaliation claim was not based on an unlawful employment practice under the TCHRA. The University further contended that Jenkins failed to plead a viable UDJA claim because Jenkins had not challenged the constitutionality of a statute or ordinance, alleged that state officials in their official capacities had violated his constitutional rights, or sought to compel the University to follow the law in the future. Concerning Jenkins's constitutional claims, the University asserted that Jenkins had failed to plead a viable due-course-of-law claim because Jenkins did not have a protected liberty or property interest in his continued employment or in obtaining tenure, and that there is no private cause of action for a free speech claim.

Jenkins filed a response to the University's amended plea to the jurisdiction, arguing that the University had failed to appeal the trial court's October 2016 order, in which Jenkins claims that the trial court denied the University's plea to the

4

jurisdiction, and that the University could not revive the right to an interlocutory appeal by filing a duplicate plea to Jenkins's amended petition. Jenkins also argued that the University's plea to the jurisdiction is actually a time-barred Rule 91a motion to dismiss, and that the University is attempting to characterize its pleading sufficiency challenge as a jurisdictional argument. *See* Tex. R. Civ. P. 91a. According to Jenkins, the TCHRA forbids retaliation against a person who opposes a "discriminatory practice," and discrimination in employment and discrimination to or in a training program are both discriminatory practices under the TCHRA. Jenkins argued that his retaliation claim opposed a discriminatory employment practice because the doctoral program included the opportunity to teach at the University. Jenkins further argued that he had opposed the University's discrimination in admission to or participation in a training program on the basis of race, national origin, and gender, which is also a protected activity under the TCHRA. *See* Tex. Labor Code Ann. § 21.054(a) (West 2015); *Id.* § 21.055. Jenkins also maintained that the trial court had jurisdiction over his UDJA claims.

The University disputed Jenkins's contention that the University's doctoral program is a "training program" under the TCHRA. The University argued that the doctoral program is a degree-earning educational program and not a job-related training program, and that the graduate students in the program are not provided an

5

opportunity to teach at the University. According to the University, section 21.054 of the TCHRA prohibits an employer or a labor organization from discriminating in the admission to an apprenticeship, on-the-job training, or other training or retraining program, and that such training programs vastly differ in purpose and effect from the University's doctoral program. *See id.* § 21.054(a). The University argued that the purpose of putting "training program" in the TCHRA was to prohibit discrimination in the skilled, labor-union trades, and unlike an individual in a skilled craft apprenticeship or training program, a graduate of the doctoral program is not automatically entitled to employment in his field. The University further argued that Jenkins's attempt to couch his retaliation claim as an employment practice is too attenuated, because admission into the doctoral program does not guarantee employment as an instructor.

The trial court conducted a hearing on the University's amended plea to the jurisdiction, and after hearing the parties' arguments, denied the University's amended plea without issuing findings of fact and conclusions of law. The University filed this interlocutory appeal. We note that Jenkins contends that this Court lacks jurisdiction over the University's interlocutory appeal because the University did not appeal from the trial court's order granting Jenkins's request to replead and because the University's amended plea to the jurisdiction did not assert

6

any new grounds. We disagree with Jenkins's contention, as the record fails to show that the trial court denied the University's original plea to the jurisdiction or that the University's amended plea to the jurisdiction was merely a motion to reconsider the denial of its original plea. *Cf. City of Houston v. Estate of Jones*, 388 S.W.3d 663, 667 (Tex. 2012). Our review of the record shows that the trial court granted the University's original plea to the jurisdiction, and the University's amended plea addressed Jenkins's UDJA claim, which Jenkins added in his first amended petition. We also disagree with Jenkins's contention that the University's plea to the jurisdiction improperly challenges Jenkins's pleadings and is merely a time-barred Rule 91a motion to dismiss. *See* Tex. R. Civ. P. 91a; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).

## PLEAS TO THE JURISDICTION IN TCHRA CLAIMS

Governmental units, such as the University, are generally immune from suit. *See San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 135 (Tex. 2015); *see also Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 510 (Tex. 2012). The Legislature has waived immunity for claims properly brought under the TCHRA. *Nicholas*, 461 S.W.3d at 135. The waiver extends to "only . . . those suits where the plaintiff actually alleges a violation of the TCHRA by pleading facts that state a claim thereunder." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629,

7

636 (Tex. 2012). Absent a pleading that sets forth a prima facie case, the governmental unit's immunity from suit has not been waived. *Id.* at 637.

A governmental unit may challenge the existence of a prima facie case through a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226. We review de novo a trial court's disposition of a plea to the jurisdiction. *Id.* at 226, 228. First, we focus on the plaintiff's petition to determine whether the facts that were pleaded affirmatively demonstrate that subject matter jurisdiction exists. *Id.* at 226. We construe the pleadings liberally in favor of the plaintiff. *Id.* If the plaintiff has not affirmatively pleaded facts to support the trial court's jurisdiction, the issue is one of pleading sufficiency, and the trial court should provide the plaintiff the opportunity to amend the pleading to cure any jurisdictional defects. *Id.* at 226-27. However, if the pleadings affirmatively negate the existence of jurisdiction, the trial court may grant the plea to the jurisdiction without allowing the plaintiff the opportunity to amend. *Id.* at 227.

If a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court may consider relevant evidence and is required to do so when necessary to resolve the jurisdictional issues raised. *Id.* When evidence is submitted that implicates the merits of the case, the trial court reviews the relevant evidence to determine whether a fact issue exists, and if the evidence creates a fact question

regarding jurisdiction, the trial court cannot grant the plea to the jurisdiction. *Id.* at 227-28. If the relevant evidence fails to raise a fact question, then the trial court can rule on the plea as a matter of law. *Id.* at 228. This standard of review generally mirrors the summary judgment standard under Texas Rule of Civil Procedure 166a(c), as it places the burden on the governmental unit to present evidence to demonstrate that the trial court lacks subject matter jurisdiction. *Id.*; *see also* Tex. R. Civ. P. 166a(c).

If the governmental unit meets its initial burden, the burden then shifts to the plaintiff to show that a disputed material fact exists regarding the jurisdictional issue. *Miranda*, 133 S.W.3d at 228. We take as true all evidence that is favorable to the plaintiff and indulge every reasonable inference and resolve any doubts in the plaintiff's favor. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, the trial court cannot grant the plea because fact questions must be resolved by the finder of fact. *Id.* at 228.

## ANALYSIS

In issue one, the University argues that Jenkins failed to establish a waiver of sovereign immunity because Jenkins failed to plead a prima facie case of retaliation under the TCHRA. According to the University, its use of the GRE as an admissions requirement to the doctoral program is not an "unlawful employment practice" under

9

the TCHRA. *See* Tex. Labor Code Ann. §§ 21.051, 21.055 (West 2015). The University further argues that its doctoral program is not a job-related training program under the TCHRA. *See id.* § 21.054.

The Texas Legislature enacted the TCHRA to address the specific evils of discrimination and retaliation in the workplace. *Chatha*, 381 S.W.3d at 504. Under the TCHRA, an employer commits an unlawful employment practice if it retaliates or discriminates against a person who, pursuant to the TCHRA, (1) opposes a discriminatory practice, (2) makes or files a charge, (3) files a complaint, or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing. Tex. Lab. Code Ann. § 21.055. To make a prima facie showing of retaliation, a plaintiff must show that (1) he engaged in a protected activity, (2) an adverse employment action occurred, and (3) there was a causal link between the protected activity and the adverse action. *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004); *Dias v. Goodman Mfg. Co., L.P.*, 214 S.W.3d 672, 676 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). When analyzing a claim brought under the TCHRA, we look to state and federal law because the Texas Legislature patterned the TCHRA after federal law to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent

amendments[.]" Tex. Labor Code Ann. § 21.001(1) (West 2015); *Nicholas*, 461 S.W.3d at 136-37.

To establish that he opposed a discriminatory practice, Jenkins must demonstrate a good faith, reasonable belief that the University engaged in activity made unlawful by the TCHRA. *See Cox &. Smith Inc. v. Cook*, 974 S.W.2d 217, 224 (Tex. App.—San Antonio 1998, pet. denied). A reasonable belief has both subjective and objective components. *Id.* at 225. The plaintiff must demonstrate that he subjectively, in good faith, believed that his employer engaged in unlawful employment practices, and that his belief was objectively reasonable in light of the facts presented. *Id.* at 225-26. An employer commits an unlawful employment practice under the TCHRA if, because of race, color, disability, sex, national origin, or age, the employer:

> (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or
>
> (2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

Tex. Labor Code Ann. § 21.051 (West 2015).

Jenkins maintains that he engaged in a protected activity by opposing an unlawful employment practice, which was the University's allegedly discriminatory admissions practice of using the GRE to exclude racial minorities and women from being hired to teach in the University's doctoral program. Jenkins's affidavit, in which Jenkins averred that some of the graduate students had the opportunity to become paid graduate assistants with the University, does not create a fact question regarding the jurisdictional issue, because a speculative opportunity for employment of a prospective graduate student does not demonstrate that the University engaged in an unlawful employment practice. *See Miranda*, 133 S.W.3d at 227-28; *see also* Tex. Labor Code Ann. § 21.051. Based on the facts presented, we hold that Jenkins has failed to show that the University's use of the GRE as an admissions criterion for students to be admitted into its doctoral program would have given Jenkins a good faith reasonable belief that the University engaged in an unlawful employment practice under the TCHRA. *See Cook*, 974 S.W.2d at 225-26. We also hold that Jenkins has failed to show that the facts would have given him a good faith reasonable belief that the University's doctoral program is an on-the-job training, or other training or retraining program under the THCRA, or that the University, while acting as an employer, committed an unlawful employment practice by

12

discriminating against an individual because of race or sex in determining admission to such a training program. *See id.*; *see also* Tex. Labor Code Ann. § 21.054.

We conclude that Jenkins failed to plead a prima facie case of employment retaliation under the TCHRA, and that the TCHRA does not waive the University's immunity from suit. Because the trial court has already afforded Jenkins an opportunity to amend his pleadings to allege sufficient facts to establish a waiver of immunity, Jenkins need not be afforded another opportunity to amend his pleadings. *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839-40 (Tex. 2007); *Miranda*, 133 S.W.3d at 227. We sustain issue one.

In issue two, the University argues that Jenkins's UDJA claims are barred by sovereign immunity. In his amended petition, Jenkins sought a declaratory judgment that the University had violated Jenkins's rights secured by the TCHRA and the Texas Constitution.

The UDJA permits "[a] person . . . whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise [to] have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (West 2015). The UDJA does not enlarge a trial court's jurisdiction; rather, it merely

provides a remedy when the trial court already has jurisdiction. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370 (Tex. 2009). Absent a legislative waiver, sovereign immunity bars UDJA actions against the State and its governmental units. *Tex. Dept. of Transp. v. Sefzik*, 355 S.W.3d 618, 620 (Tex. 2011). While a governmental unit may be a proper party to a UDJA action that challenges the validity of a statute, Jenkins does not challenge the validity of the TCHRA; rather, Jenkins challenges the University's actions under the TCHRA. *See id.* at 622. Having already concluded that the TCHRA does not waive the University's immunity from suit because Jenkins failed to plead a prima facie case of employment retaliation, Jenkins is not entitled to a judgment declaring that the University has violated Jenkins's rights secured by the TCHRA. *See id.*

Jenkins also sought a declaratory judgment declaring that the University violated his rights to due course of law and free speech secured by the Texas Constitution. *See* Tex. Const. art. I, §§ 19. While sovereign immunity does not bar a suit to vindicate constitutional rights, immunity from suit is not waived if the constitutional claims are facially invalid. *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015). Before any substantial or procedural due-process rights attach, a plaintiff must show that he has a protected property interest that is entitled to constitutional protection. *Id.* at 15. We hold that Jenkins's due-course-of-

14

law claim is facially invalid because he has failed to show that he has a protected property interest in continued employment with the University or in obtaining tenure. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 573 (1972); *Staheli v. Univ. of Miss.*, 854 F.2d 121, 125 (5th Cir. 1988); *Tarleton State Univ. v. Rosiere*, 867 S.W.2d 948, 951 (Tex. App.—Eastland 1993, writ dism'd by agr.).

We also hold that Jenkins failed to plead a facially valid free-speech claim. To prevail on a constitutional free-speech claim, Jenkins was required to establish that: (1) he suffered an adverse employment decision; (2) his speech involved a matter of public concern; (3) his interest in commenting on matters of public concern outweighed the University's interest in promoting efficiency; and (4) his speech motivated the adverse employment decision. *See Caleb v. Carranza*, 518 S.W.3d 537, 544 (Tex. App.—Houston [1st Dist.] 2017, no pet.). As a public employee, Jenkins was required to show that he spoke as a citizen, rather than as an employee of the University pursuant to his official duties. *See id.* The critical question is whether the speech at issue is itself ordinarily within the scope of the employee's duties. *Id.* Our review of the record shows that Jenkins's pleadings establish that the "speech" at issue was made pursuant to his official duties as Chairman of the Department of Educational Leadership, and thus his speech falls outside the ambit of free-speech protection. *See id.* at 545. We conclude that the University's

15

immunity from suit is not waived because Jenkins's constitutional claims are facially invalid. *See Klumb*, 458 S.W.3d at 13. We sustain issue two.

Having sustained the University's issues on appeal and concluded that the University's immunity from suit is not waived as to any of Jenkins's claims, we reverse the trial court's order denying the University's amended plea to the jurisdiction and render judgment granting the plea and dismissing Jenkins's claims against the University with prejudice.

REVERSED AND RENDERED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on November 22, 2017
Opinion Delivered January 11, 2018

Before McKeithen, C.J., Kreger and Johnson, JJ.