**AFFIRM in Part, REVERSE in Part, and RENDER;  Opinion Filed July 13, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01543-CV

### UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER, Appellant/Cross-Appellee
### V.
### KIMBERLY A. SAUNDERS, Appellee/Cross-Appellant

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-04271**

## MEMORANDUM OPINION
Before Justices Francis, Fillmore, and Schenck
Opinion by Justice Fillmore

Appellant/cross-appellee University of Texas Southwestern Medical Center (UTSW) filed an interlocutory appeal of the trial court's order denying its plea to the jurisdiction on appellee/cross-appellant Kimberly A. Saunders's retaliatory discharge claim, and Saunders filed an interlocutory appeal of the trial court's order granting UTSW's plea to the jurisdiction on her disability discrimination claim. We reverse the trial court's order denying UTSW's plea to the jurisdiction on Saunders's retaliatory discharge claim, affirm the trial court's order granting UTSW's plea to the jurisdiction on Saunder's disability discrimination claim, and render judgment dismissing this cause for lack of jurisdiction.

**Background**

Saunders was injured on the job on or about July 17, 2010, while employed by UTSW as a registered nurse in the Intensive Care Unit at University Hospital St. Paul. She was disabled as a result of her injury, and she submitted a Formal Request for Accommodation Due to Disability to UTSW's Office of Equal Opportunity on April 2, 2013. UTSW offered Saunders a position reassignment, which she accepted. She began work in the reassigned position of Patient & Physician Referral Registered Nurse (PPRRN) on August 5, 2013. On March 7, 2014, Saunders filed a complaint of disability discrimination by UTSW with the Texas Workforce Commission (TWC) and the United States Equal Employment Opportunity Commission (EEOC) based on UTSW's alleged failure to make a reasonable accommodation for Saunders's disability.

On August 21, 2014, Saunders filed a lawsuit against UTSW in a district court of Dallas County, Texas, alleging disability discrimination in violation of the Americans with Disabilities Act of 1990 (ADA)[1] as a result of UTSW's failure to make a reasonable accommodation for her disability, and that lawsuit was removed to federal court by UTSW (the federal lawsuit).[2] On December 1, 2014, Saunders's employment was terminated by UTSW[3] because Saunders's nursing license had lapsed for a period of eleven months while she worked as a PPRRN, a position that required a valid nursing license.

On April 15, 2015, Saunders filed this suit against UTSW in a district court of Dallas County, alleging UTSW terminated her employment in retaliation for filing the disability discrimination complaint. She later amended her petition to add an allegation that UTSW failed to make a reasonable accommodation for her disability by reassigning her to the position of

---

[1] *See* 42 U.S.C.A. §§ 12101–12213 (West 2013).

[2] The status of the federal lawsuit is not established in the record on appeal, although UTSW asserts the federal lawsuit against UTSW was dismissed by order of the federal court.

[3] The effective date of the employment termination was December 4, 2014.

PPRRN. UTSW filed a plea to the jurisdiction on Saunders's claims. UTSW appeals the trial court's order denying its plea to the jurisdiction on Saunders's retaliatory discharge claim, and Saunders appeals the trial court's order granting UTSW's plea to the jurisdiction on her disability discrimination claim.

## Standard of Review

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Because subject matter jurisdiction presents a question of law, we review a trial court's ruling on a plea to the jurisdiction de novo. *See Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

It is the plaintiff's burden to plead facts that affirmatively establish the trial court's subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226 (whether pleader has alleged facts affirmatively demonstrating a trial court's subject matter jurisdiction is question of law reviewed de novo). In determining whether the plaintiff has met this burden, we look to the allegations in the plaintiff's pleadings, construe them liberally in favor of the plaintiff, and look to the pleader's intent. *Id.* While we must construe the allegations in favor of the plaintiff, we are not bound by legal conclusions. *City of Pasadena v. Kuhn*, 260 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues that are raised. *Miranda*, 133 S.W.3d at 227. The standard of review of a plea to the jurisdiction based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil

Procedure 166a(c)." *Id*. at 228. Under this standard, we take as true all evidence favoring the nonmovant and draw all reasonable inferences and resolve any doubts in the nonmovant's favor. *Id*.

## Law Applicable to Governmental Immunity

Governmental entities are immune from suit unless the government has clearly and unambiguously waived its immunity. *See* TEX. GOV'T CODE ANN. § 311.034 (West 2013); *Miranda*, 133 S.W.3d at 224. Chapter 21 of the Texas Labor Code[4] provides that an employer commits an unlawful employment practice if, because of disability, the employer discharges or otherwise discriminates against an individual in connection with compensation or the terms, conditions, or privileges of employment. TEX. LAB. CODE ANN. § 21.051(1) (West 2015). An employer also commits an unlawful employment practice by refusing to make a reasonable workplace accommodation for the disability of a qualified employee, unless the accommodation would impose undue hardship on the operation of the employer's business. *Id*. § 21.128(a). The term "employer" as used in chapter 21 includes state agencies. *Id*. § 21.002(8). The State of Texas waives its immunity from suit when the plaintiff states a claim for conduct that would violate chapter 21 of the Texas Labor Code. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 637 (Tex. 2012).

## Retaliatory Discharge

In a single issue, UTSW appeals the trial court's order denying its plea to the jurisdiction on Saunders's retaliatory discharge claim. UTSW argues Saunders failed to meet her prima facie burden to support her claim of retaliatory discharge by UTSW.

---

[4] Chapter 21 of the Texas Labor Code was formerly known as the Texas Commission on Human Rights Act or TCHRA. Following the abolition of the Texas Commission on Human Rights in March 2004, we no longer refer to chapter 21 as the TCHRA. *See ATI Enters., Inc. v. Din*, 413 S.W.3d 247, 249 n.3 (Tex. App.—Dallas 2013, no pet.); *see also* TEX. LAB. CODE ANN. § 21.0015 (West Supp. 2015) (powers and duties of Commission on Human Rights transferred to Texas Workforce Commission).

–4–

To establish a prima facie case of retaliation, a plaintiff is required to show that (1) she engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link connected the protected activity and the adverse employment action. *Dias v. Goodman Mfg. Co.*, 214 S.W.3d 672, 676 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004).[5]  Protected activities consist of (1) opposing a discriminatory practice; (2) making or filing a charge; (3) filing a complaint; or (4) testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing. *See* TEX. LAB. CODE ANN. § 21.055 (West 2015); *City of Waco v. Lopez*, 259 S.W.3d 147, 150 (Tex. 2008).  A plaintiff asserting a retaliation claim must establish that, in the absence of her protected activity, the employer's prohibited conduct would not have occurred when it did. *Chandler v. CSC Applied Techs., LLC*, 376 S.W.3d 802, 823 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).  If a plaintiff establishes a prima facie case of retaliation, the burden then shifts to the employer to demonstrate a legitimate nondiscriminatory purpose for the adverse employment action. *Dias*, 214 S.W.3d at 676.

Saunders's employment at UTSW was terminated because her nursing license had lapsed while she was working as a PPRRN, a position that required a valid nursing license.  In support of her retaliatory discharge claim, Saunders pleaded that in the circumstance where a nurse's license had lapsed, UTSW's "customary practice is to suspend nurses until the [nursing] license is obtained" and that UTSW "had done this for other suspended nurses."  However, she provided no evidence to support these statements in her pleadings that would establish a causal link between her discharge and her discrimination claim or lawsuit against UTSW.

---

[5] "Although [Texas courts] consider the TCHRA's plain language and state precedent in interpreting the statute, [they] also look to federal law for interpretive guidance to meet the legislative mandate that the [TCHRA] is intended to 'provide for the execution of the policies of Title VII . . . and its subsequent amendments.'" *Crutcher v. Dallas Indep. Sch. Dist.*, 410 S.W.3d 487, 492 (Tex. App.—Dallas 2013, no pet.) (quoting TEX. LAB. CODE ANN. § 21.001(1)) (West 2015)).

Saunders does not dispute that her nursing license lapsed and that she worked in a position at UTSW that required a valid nursing license during the period of lapse. In her appellate brief, Saunders states her pleading that the "customary practice" of UTSW is to suspend, rather than terminate, a nurse whose license had lapsed is "circumstantial evidence" of a causal connection between her complaint of discrimination and her termination. *See Crutcher v. Dallas Indep. Sch. Dist.*, 410 S.W.3d 487, 494 (Tex. App.—Dallas 2013, no pet.) (circumstantial evidence sufficient to show causal link between adverse employment decision and filing of discrimination charge or suit may include employer's failure to follow its usual policy and procedures in carrying out the challenged employment actions or discriminatory treatment in comparison to similarly situated employees). However, pleadings are not evidence. *Hidalgo v. Sur. Sav. & Loan Ass'n*, 462 S.W.2d 540, 543 (Tex. 1971) ("Pleadings simply outline the issues; they are not evidence, even for summary judgment purposes."); *San Miguel v. City of Windcrest*, 40 S.W.3d 104, 111 (Tex. App.—San Antonio 2000, no pet.) (pleadings are not evidence); *see also Smith v. Albertson's Inc.*, 251 F.3d 157, 2001 WL 300784, at *3 (5th Cir. 2001) (per curiam) (not designated for publication) ("Other than self-serving statements and unsub-stantiated [sic] assertions, Smith offers no admissible evidence of any causal link between his termination and his filing a complaint with the EEOC.").[6]

Saunders further pleaded that her discharge from employment by UTSW three months after she filed the federal lawsuit against UTSW for disability discrimination is evidence of a causal connection between the adverse employment decision and the filing of the lawsuit against

---

[6] We note that UTSW provided substantial, uncontroverted evidence to show a legitimate, nonretaliatory reason for Sanders's termination. While working as a PPRRN in Ambulatory Services at UTSW, a position that required a valid nursing license, Saunders's nursing license lapsed for a period of eleven months. Working in the position which Saunders held in Ambulatory Services of UTSW without a valid nursing license was a violation of UTSW's Ambulatory Services Policy 5.03, entitled "Employee Certification and Licensure." That Policy provides that any employee who does not present proof or maintenance of certification or licensure as required "[m]ust attempt to complete the renewal process immediately, during which time the employee may be subject to disciplinary action up to and including suspension without pay and/or termination of employment[.]" Having confirmed Saunders had been in violation of UTSW's Ambulatory Services Policy 5.03, UTSW terminated Saunders's employment effective December 1, 2014. UTSW presented a significant, legitimate, nonretaliatory reason for Sanders's termination.

UTSW. *See Crutcher*, 410 S.W.3d at 494 (circumstantial evidence sufficient to show causal link between adverse employment decision and filing of discrimination charge or suit may include temporal proximity between the employee's conduct and the adverse employment action). Saunders filed her complaint against UTSW with the TWC and EEOC on March 7, 2014 and filed the federal lawsuit against UTSW on August 21, 2014; she was terminated by UTSW on December 1, 2014. However, "[t]emporal proximity [between the employee's protected activity and the adverse employment action] may be evidence of a causal connection only when a person with input into the employment decision was aware of the protected activity." *Id*. at 496; *see also Marsaglia v. Univ. of Tex., El Paso*, 22 S.W.3d 1, 5 (Tex. App.—El Paso 1999, pet. denied) (affirming summary judgment where evidence failed to show that decision-maker had any knowledge of appellant's protected activity); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 320 (5th Cir. 2004). Here, the evidence establishes Saunders's supervisor, Lesley Barfknecht completed a Request for Disciplinary Review after learning Saunders's nursing license had lapsed and submitted the request to UTSW's Office of Human Resources. After approval of Barfknecht's request, Saunders's employment with UTSW was terminated. There is no evidence that Barfknecht had any knowledge of Saunders's federal lawsuit against UTSW or Saunders's complaint against UTSW filed with the TWC and EEOC.

Moreover, temporal proximity between protected activity and an adverse employment action may be evidence of a causal connection 'when they are separated by weeks, as opposed to months or years.'" *Crutcher*, 410 S.W.3d at 496 (quoting *Perry v. Univ. of Houston*, No. 01-08-00807-CV, 2009 WL 3152166, at *5 (Tex. App.—Houston [1st Dist.] Oct. 1, 2009, no pet.) (mem. op.)); *see also Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case

uniformly hold that the temporal proximity must be 'very close.'") (quoting *O'Neal v. Ferguson Const. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001)); *Green v. Lowe's Home Centers, Inc.*, 199 S.W.3d 514, 523 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (holding that four months between filing of claim and discharge, without more, does not raise a fact issue as to a causal link, when the stated grounds for discharge reached fruition within the same period). Here, the period of time elapsed between Saunders's filing a complaint against UTSW with the TWC and EEOC or filing the federal lawsuit against UTSW and UTSW terminating her employment is insufficient to establish a causal link between those protected activities and the adverse employment decision.

We conclude Saunders failed to establish a causal link between the protected activity of filing a complaint against UTSW with the TWC and EEOC or filing a lawsuit against UTSW and termination of her employment, and the trial court erred by denying UTSW's plea to the jurisdiction on Saunders's retaliatory discharge claim. We resolve UTSW's sole appellate issue in its favor. Accordingly, we reverse the trial court's denial of UTSW's plea to the jurisdiction on Saunders's retaliatory discharge claim.

**Disability Discrimination**

In a single issue, Saunders appeals the trial court's order granting UTSW's plea to the jurisdiction on her disability discrimination claim.

On March 7, 2014, Saunders filed a charge of disability discrimination with the TWC and EEOC. Subsequently, on August 21, 2014, she filed an ADA lawsuit against UTSW in a district court of Dallas County, Texas, alleging disability discrimination by UTSW in failing to provide her a reasonable accommodation when it reassigned her to the position of PPRRN, and that lawsuit was removed to federal court by UTSW. On April 15, 2015, Saunders filed the lawsuit underlying the appeals at bar, asserting her claim of retaliatory discharge by UTSW; on June 2,

2015, in an amended pleading, Saunders added a disability discrimination claim that UTSW failed to provide her a reasonable accommodation by reassigning her to the position of PPRRN.

In its plea to the jurisdiction on Saunders's disability discrimination claim, UTSW asserted the claim is time-barred because she did not file her complaint with the TWC and EEOC until more than 180 days after she accepted reassignment to the position of PPRRN as an accommodation for her disability, and Saunders failed to establish a prima facie failure-to-accommodate claim under chapter 21 of the labor code because she cannot establish UTSW did not provide her a reasonable workplace accommodation. On appeal, UTSW also asserts Saunders may not assert a disability discrimination failure-to-accommodate claim under Chapter 21 of the labor code because that claim had already been asserted by Saunders nine months earlier in the ADA lawsuit removed to federal court.

In order to bring suit under chapter 21 of the labor code, a claimant must first exhaust her administrative remedies with the TWC. *See* TEX. LAB. CODE ANN. § 21.201(a) (West 2015); *Ashcroft v. HEPC–Anatole, Inc.*, 244 S.W.3d 649, 651 (Tex. App.—Dallas 2008, no pet.) ("[I]t is mandatory and jurisdictional that claims under the Texas Labor Code be filed no later than the 180th day after the date the alleged unlawful employment practice occurred."). The failure to exhaust administrative remedies deprives a court of subject matter jurisdiction over the claim. *City of El Paso v. Marquez*, 380 S.W.3d 335, 341 (Tex. App.—El Paso 2012, no pet.) (citing *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 487 (Tex. 1991)). In order to comply with the mandatory exhaustion of administrative remedies requirement under chapter 21, a plaintiff must file a complaint with the TWC within 180 days of the alleged discriminatory practice, permit the TWC to dismiss the complaint or resolve it within 180 days prior to filing suit, and file her claim no later than two years after the complaint was filed. *Id.* (citing TEX. LAB. CODE ANN. §§ 21.201, .202, .208, .256)).

Saunders asserts her disability discrimination claim is not time-barred because her allegations fall under the doctrine of continuing violation. Saunders argues there was a systemic continuous failure by UTSW to accommodate her disability because there were positions available that were similar to the position she held before she was injured and she was not reassigned to such a position despite continuing "to request a comparable position up until the time she was terminated," and therefore, the 180-day period for filing her complaint with the TWC and EEOC did not commence until her discharge on December 1, 2014, making her March 7, 2014 complaint timely.

The continuing violation doctrine relieves a plaintiff from establishing that all of the alleged discriminatory conduct occurred within the actionable period if the plaintiff can show that, in addition to acts that otherwise would be time-barred, the conduct continued into the actionable period. *Yeh v. Chesloff*, 483 S.W.3d 108, 117 (Tex. App.—Houston [1st Dist.] 2015, pet. filed). The doctrine applies when an unlawful employment practice manifests itself over time, rather than as a series of discrete acts. *Davis v. Autonation USA Corp.*, 226 S.W.3d 487, 493 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Wal-Mart Stores v. Davis*, 979 S.W.2d 30, 31 (Tex. App.—Austin 1998, pet. denied)). Under the continuing violation theory, a plaintiff must show an organized scheme leading to and including a present violation, so that it is the cumulative effect of the discriminatory practice, rather than any discrete occurrence, that gives rise to the cause of action. *Id.* A continuing violation is "a persisting and continuing system of discriminatory practices in promotion or transfer that produces effects that may not manifest themselves as individually discriminatory except in cumulation over a period of time." *Huckabay v. Moore*, 142 F.3d 233, 238–39 (5th Cir. 1998) (quoting *Messer v. Meno*, 130 F.3d 130, 135 (5th Cir. 1997)). Accordingly, a claim of hostile work environment is a continuing violation, while "termination, failure to promote, denial of transfer, or refusal to hire" are

–10–

discrete acts. *Santi v. Univ. of Tex. Health Sci. Ctr. at Houston*, 312 S.W.3d 800, 804–05 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)). "The core idea of the continuing violations theory . . . is that equitable considerations may very well require that the filing periods not begin to run until facts supportive of a [claim] are or should be apparent to a reasonably prudent person similarly situated. The focus is on what event, in fairness and logic, should have alerted the average lay person to act to protect his rights." *Huckabay*, 142 F.3d at 238 (quoting *Messer*, 130 F.3d at 135).

Saunders filed her complaint with the TWC and EEOC more than 180 days after UTSW reassigned her to the position of PPRRN, which Saunders alleges was not a reasonable accommodation. The action by UTSW complained of in Saunders's disability discrimination complaint to the TWC and EEOC was the discrete act of reassignment to the position of PPRRN rather than some other position. *See Santi*, 312 S.W.3d at 804–05. Although Saunders argues UTSW never fulfilled its obligation to accommodate Saunders because it failed to offer her a position that did not require a significant diminution in salary, Saunders did not file a complaint within 180-days of her reassignment and acceptance of the reassigned position as PPRRN despite a purported unacceptable diminution in salary. Viewing the record in her favor, in accordance with the applicable standard of review, the continuing violation doctrine cannot aid Saunders in this case. Saunders was well aware of UTSW's discrete action of reassigning her to a position that she asserts was not a reasonable accommodation; the conclusion is inescapable that this purportedly discriminatory reassignment would have alerted a reasonable person in Saunders's position to take action to protect her rights. *See Huckabay*, 142 F.3d at 238; *see also City of Lubbock v. Walck*, No. 07-15-00078-CV, 2015 WL 7231027, at *5 (Tex. App.—Amarillo Nov. 16, 2015, pet. denied) (mem. op.).

Saunders accepted the position of PPRRN in July 2013, and she began working in that position by August 5, 2013. The 180-day deadline to file her administrative complaint expired in February 2014. Saunders filed her complaint with the TWC and EEOC on March 4, 2014. Because she filed her disability discrimination complaint with the TWC and EEOC after the 180-day deadline, Saunders failed to timely exhaust her administrative remedies, and UTSW is immune from suit for that claim. *See Lueck v. State*, 325 S.W.3d 752, 762 (Tex. App.—Austin 2010, pet. denied) (failure to exhaust administrative remedies is a jurisdictional defect requiring dismissal) (citing *Tex. Dep't of Protective & Regulatory Servs. v. Lynn*, No. 03-04-00635-CV, 2005 WL 1991809, at *4 (Tex. App.—Austin Aug. 19, 2005, pet. denied) (mem. op.)). Therefore, the trial court lacked jurisdiction over this claim against UTSW. We resolve Saunders's sole appellate issue against her, and we affirm the trial court's order granting UTSW's plea to the jurisdiction on Saunder's disability discrimination claim.

## Conclusion

We reverse the trial court's order denying UTSW's plea to the jurisdiction on Saunders's retaliatory discharge claim, and we affirm the trial court's order granting UTSW's plea to the jurisdiction on Saunder's disability discrimination claim. Accordingly, we render judgment dismissing this cause for lack of jurisdiction.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


151543F.P05

–12–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

UNIVERSITY OF TEXAS
SOUTHWESTERN MEDICAL CENTER,
Appellant/Cross-Appellee

No. 05-15-01543-CV        V.

KIMBERLY A. SAUNDERS,
Appellee/Cross-Appellant

On Appeal from the 191st Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. DC-15-04271.
Opinion delivered by Justice Fillmore,
Justices Francis and Schenck participating.

  In accordance with this Court's opinion of this date, the December 9, 2015 order of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's order denying the University of Texas Southwestern Medical Center's plea to the jurisdiction on Kimberly A. Saunders's retaliatory discharge claim. In all other respects, the trial court's order is **AFFIRMED**. We **RENDER** judgment dismissing this cause for lack of jurisdiction.

  It is **ORDERED** that the University of Texas Southwestern Medical Center recover its costs of this appeal from Kimberly A. Saunders.

Judgment entered this 13th day of July, 2016.